UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6231 CAS (JCx) | Date | September 14, 2010 |
|---|---|---|---|
| Title | VICENTE GALINDO V. FEDERAL HOME LOAN MORTGAGE CORPORATION, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| VALENCIA VALLERY | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers:) ORDER TO SHOW CAUSE FOR LACK OF SUBJECT MATTER JURISDICTION

## I. INTRODUCTION

On August 20, 2010, Vicente Galindo ("plaintiff") filed the instant action against Federal Home Loan Mortgage Corporation, Quality Loan Service Corp., Aurora Loan Services, Inc., Home Loan Specialists Inc., and McCarthy & Holthus LLP (collectively, "defendants"). Plaintiff alleges claims for violations of Regulation Z of the Truth in Lending Act, counterfeiting securities as prohibited by 18 U.S.C. § 513, dishonoring an administrative settlement agreement pursuant to the Bankruptcy Reform Act, and Article 1, Section 10, clause 1 of the U.S. Constitution in relation to a foreclosure on plaintiff's home.

## II. DISCUSSION

The question of whether a claim arises under federal law, for purposes of 28 U.S.C. § 1331, must be determined by reference to the complaint. Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 9-10 (1983). Invoking a federal issue or provision is not "a password opening federal courts to any state action embracing a point of federal law." Grable & Sons Metal Prods., Inc. V. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Instead, a claim "arises under" the laws of the United States, for purposes of construing 28 U.S.C. § 1331, only if "a well-pleaded complaint establishes either that (1) federal law creates the cause of action or that (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 27-28. As to the second prong, the issue turns on whether the complaint includes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6231 CAS (JCx) | Date | September 14, 2010 |
|---|---|---|---|
| Title | VICENTE GALINDO V. FEDERAL HOME LOAN MORTGAGE CORPORATION, ET AL. | | |

"allegations of federal law that are essential to the establishment of the claim." Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003).

Jurisdiction founded on diversity requires that parties be in complete diversity and the amount in controversy exceed $75,000. Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1) ("the district courts shall have original jurisdiction of all civil actions where the matter of controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . ."). Federal courts have jurisdiction only where there is complete diversity: the plaintiff's citizenship must be diverse from that of each named defendant. 28 U.S.C. §§ 1332(a), 1332(c)(1).

It appears that plaintiff's claims do not arise under federal law. Plaintiff's allegation of counterfeiting securities references 18 U.S.C. § 513, which is a federal criminal statute, which creates no private cause of action. Further, there is no private right of action under 15 U.S.C. § 1635(a) and 12 C.F.R. § 226.23(d)(i), violations of which are alleged in the complaint. Both the statute and the regulation specifically exempt residential mortgage transactions, defined as "transaction[s] in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(w). Plaintiff's alleged constitutional violation references a clause of the U.S. Constitution that prohibits actions by States, and not private companies. It is unclear from plaintiff's complaint whether an administrative settlement agreement is in place between the parties. Accordingly, plaintiff is hereby ORDERED to SHOW CAUSE on or before September 28, 2010, why the instant action should not be dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | VRV |